UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x
                                    :
STEVEN SPAVONE,
                                    :
                 Plaintiff,
                                    :
          - against -
                                    :
N.Y.S. DEPARTMENT OF CORRECTIONAL
SERVICES et al.,                    :

                 Defendants.        :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7|24|09

**MEMORANDUM DECISION**

09 Civ. 0969 (DC)

**APPEARANCES:**    STEVEN SPAVONE
                    Pro Se Plaintiff
                    Woodbourne Correctional Facility
                    Woodbourne, NY  12788-1000

                    ANDREW M. CUOMO
                    Attorney General of the State of New York
                         By:  Steven N. Schulman, Esq.
                              Assistant Attorney General
                    120 Broadway 24th Floor
                    New York, NY  10271

**CHIN, District Judge**

          Pro se plaintiff Steven Spavone, an inmate at
Woodbourne Correctional Facility ("Woodbourne"), alleges that
Nick Chalk, the Supervising Corrections Counselor at Woodbourne,
and unidentified agents of the New York State Department of
Correctional Services ("DOCS") have retaliated against him for
bringing the underlying case.  Plaintiff alleges that defendants
retaliated against him by reducing his therapy sessions and
recommending against his application for a pass to work outside
Woodbourne.  Plaintiff requests injunctive relief restoring the
prior schedule of his therapy sessions and an order directing

defendants to cease all retaliatory acts.  For the following reasons, plaintiff's request for injunctive relief is denied.

### BACKGROUND

In his complaint, filed on February 4, 2009, plaintiff alleges that defendants violated his Eighth and Fourteenth Amendment rights as well as his rights under the American with Disabilities Act by denying him placement in a temporary release program for treatment of his mental health condition.  Discovery in the case is set to close on October 13, 2009.

By letter dated June 15, 2009, plaintiff alleges that "Defendant Chalk and an agent of Defendant DOCS utilized a crime (arson) that was dismissed in favor of the accused" to deny his application for an outside work pass.  Plaintiff characterizes the denial of the outside work pass as a "blatant retaliatory act."  By separate letter, also dated June 15, 2009, plaintiff alleges that his weekly therapy sessions were cut to once every two weeks by the New York State Office of Mental Health ("OMH") and agents of DOCS, also in retaliation.

On July 9, 2009, defendants opposed plaintiff's motion. Plaintiff replied on July 19, 2009.

### DISCUSSION

### A.  Applicable Law

A preliminary injunction is "an extraordinary and drastic remedy . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

-2-

<u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (internal quotations and citation omitted).

A party seeking a preliminary injunction against "government action taken in the public interest" must demonstrate a prospect of irreparable harm and a likelihood of success on the merits.  <u>New York City Envtl. Justice Alliance v. Giuliani</u>, 214 F.3d 65, 68 (2d Cir. 2000) (internal quotations and citation omitted).  If the party moving for a preliminary injunction seeks to alter the status quo "by commanding a positive act," the party must meet the even higher standard of a "clear or substantial showing" of a likelihood of success on the merits.  <u>D. ex rel. V.D. v. New York City Bd. of Educ.</u>, 465 F.3d 503, 510 (2d Cir. 2006) (quoting <u>Jolly v. Coughlin</u>, 76 F.3d 468, 473 (2d Cir. 1996)).

**B.    Application**

For the following reasons, plaintiff's request for injunctive relief is denied.

First, as plaintiff recognizes, his medical care is provided by OMH, not DOCS.  OMH is not a defendant in this case. Thus, plaintiff's claim that OMH is retaliating against him by cutting his therapy sessions does not make sense.  Furthermore, plaintiff does not allege, and Counselor Chalk indeed denies, that Chalk or DOCS has control over the treatment provided by OMH.  (Chalk Decl. ¶¶ 6-8).  Thus, plaintiff has not shown a

-3-

likelihood of success on the merits.  Plaintiff's request for injunctive relief restoring his prior therapy schedule is denied.

Second, plaintiff's claim that Counselor Chalk retaliated against him by recommending against his outside work pass is without merit.  Plaintiff has not demonstrated a prospect of irreparable harm; indeed, he has not even attempted to explain how not being granted an outside work pass will harm him.  Moreover, he has not shown a likelihood of success on the merits.  Counselor Chalk had no role in deciding whether or not to grant plaintiff's application.  Chalk's role was simply to review plaintiff's application.  (Chalk Decl. ¶ 12).  The application was then forwarded to Acting Deputy Superintendent of Security ("DSS") Captain Peter Early.  (Id. ¶ 15).  Under DOCS Directive 4950, Guidelines for the Selection of Inmates for Outside Work Assignments, the decision to grant or deny the application rests with the DSS.  (Id.; Id. Ex. A.).  Captain Early denies a retaliatory motive in denying plaintiff's application.  (Early Decl. ¶ 6).  Captain Early grants only approximately 20% of applications for outside work passes.  (Id. ¶ 4).  Plaintiff argues that his arrests for arson and bail jumping should not have been considered in denying his application because they did not result in convictions.  The outside work pass, however, is an entitlement, not a privilege.  There is no evidence that Captain Early improperly considered plaintiff's arrests or that he considered them in an effort to retaliate against plaintiff.  (Id. ¶ 6).

## **CONCLUSION**

For the foregoing reasons, plaintiff's request for injunctive relief is denied in its entirety.

SO ORDERED.

Dated:   New York, New York
         July 24, 2009

DENNY CHIN
United States District Judge